Filed 6/5/26  S.V. v. Gitlin CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| S.V.,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TOMAS GITLIN,<br><br>    Defendant and Appellant. | A172922<br><br>(Alameda County<br>Super. Ct. No. 24FL095158) |

Tomas Gitlin appeals from a three-year domestic violence restraining order (DVRO) issued against him at the request of S.V., who was formerly in a dating relationship with Gitlin, under the Domestic Violence Prevention Act (DVPA; Fam. Code, § 6200 et seq.[1]).  He contends the trial court abused its discretion by granting S.V.'s request for a DVRO because there was no substantial evidence to support the court's findings.  We affirm.

### BACKGROUND[2]

On October 11, 2024, S.V. filed a Request for Domestic Violence Restraining Order.  The request alleged that on or around June 22, 2024, S.V. and Gitlin had consensual sex with a condom and fell asleep together. After some time, S.V. woke up to Gitlin attempting to insert his penis into

---

[1] All further statutory references are to the Family Code.

[2] We recite only those facts as are necessary to resolve the issues raised on this appeal.

her vagina.  Gitlin then had sex with S.V.  S.V. did not have the opportunity to consent because she was asleep and experienced extreme discomfort due to the lack of consent.  After Gitlin completed the sex act, S.V. asked whether he wore a condom the entire time.  Gitlin informed S.V. that he wore a condom only part of the time they were having sex.  S.V. felt violated and upset because she had previously informed Gitlin that they must use a condom every time they have sex.

The request also alleged other acts by Gitlin, after S.V. broke up with him, that made her suffer fear, stress, and anxiety.  Gitlin messaged a mutual friend via a social media app wherein Gitlin wrote that he "unintentionally sexually assaulted" S.V. and requested the friend reach out to her and "make sure she is getting the help she needs."  Gitlin also sought to establish care for therapy services with a therapist who used to work in S.V.'s therapy practice.  S.V. alleged that Gitlin intentionally picked this therapist so that the therapist would reach out to S.V. to confer regarding Gitlin's case to share his perspective of the incident, which she did.  S.V. also alleged that she received various notes from Gitlin on Spotify between June and September 2024.

The trial court held a hearing on January 16, 2025.  At the hearing, S.V. testified that everything in her DVRO request was true.  The trial court confirmed with S.V. that she had an agreement with Gitlin to always use a condom during sex.  S.V. also acknowledged that there was at least one prior occasion where they had condomless sex and she had verbally agreed to that encounter.  However, S.V. exchanged text messages with Gitlin after having sex without a condom to clarify that she wanted to continue using condoms going forward.

The trial court also asked Gitlin various questions. Gitlin denied waking up S.V. to have sex and stated that she had initiated condomless sex multiple times before. Gitlin informed the court that S.V. had laid out parameters for them to have condomless sex and he believed she was initiating condomless sex because he had met those parameters at that time. However, he never confirmed before they had sex whether sex without a condom was okay.

The trial court found, by a preponderance of evidence, that Gitlin had nonconsensual sex with S.V. The court found S.V. more credible than Gitlin, noting that consent can be withdrawn at any point. The court stated that the terms S.V. laid out to have consensual sex clearly required that Gitlin use a condom and that he had used a condom when they had sex earlier that night. The court also noted that Gitlin acknowledged, through his messages, "that something was wrong in the way this occurred" and that even if S.V. "was willing to have sex without a condom, engaging in sex and beginning it when she was asleep" was inappropriate. The court granted the restraining order for a period of three years.

Gitlin filed a timely notice of appeal.[3]

## DISCUSSION

The purpose of the DVPA "is to prevent acts of domestic violence, abuse, and sexual abuse and to provide for a separation of the persons involved in the domestic violence for a period sufficient to enable these persons to seek a resolution of the causes of the violence." (§ 6220.) "An order may be issued . . . to restrain any person for the purpose specified in

---

[3] S.V. has not filed a responsive brief in this matter. Thus, we " 'will decide the appeal on the record, the opening brief, and any oral argument by appellant.' " (*Conness v. Satram* (2004) 122 Cal.App.4th 197, 200, fn. 3; Cal. Rules of Court, rule 8.220(a)(2).)

[s]ection 6220, if an affidavit or testimony and any additional information provided to the court . . . , shows, to the satisfaction of the court, reasonable proof of a past act or acts of abuse." (§ 6300.)

" 'Domestic violence' " includes abuse of a "person with whom the respondent is having or has had a dating or engagement relationship." (§ 6211, subd. (c).) " 'Abuse' " includes "intentionally or recklessly caus[ing] or attempt[ing] to cause bodily injury"; "[s]exual assault"; "plac[ing] a person in reasonable apprehension of imminent serious bodily injury to that person or to another"; and "engag[ing] in any "behavior that has been or could be enjoined pursuant to [s]ection 6320." (§ 6203 subd. (a).) Section 6320 lists behaviors that can be enjoined, including "molesting, attacking, striking, stalking, threatening, sexually assaulting, battering . . . harassing, telephoning . . . or disturbing the peace of the other party." (§ 6320, subd. (a).)

"The DVPA therefore permits issuance of restraining orders on a different, broader basis than permitted under Code of Civil Procedure sections 527.6 and 527.8 for issuance of civil harassment restraining orders and workplace violence restraining orders." (*In re Marriage of M.P. & M.C.* (2025) 116 Cal.App.5th 1096, 1110.) "Moreover, . . . section 6300 requires a showing of past abuse, not a threat of future harm." (*Ibid.*)

" 'We review the grant of a DVPA restraining order for abuse of discretion, and, to the extent we are called upon to review the court's factual findings, we apply the substantial evidence standard of review. [Citation.] In reviewing the evidence, we examine the entire record to determine whether there is any substantial evidence—contradicted or uncontradicted— to support the trial court's findings. [Citation.] We must accept as true all evidence supporting the trial court's findings, resolving every conflict in favor

of the judgment.  [Citation.]  We do not determine credibility or reweigh the evidence.  [Citation.]  If substantial evidence supports the judgment, reversal is not warranted even if facts exist that would support a contrary finding.' "  (*Parris J. v. Christopher U.* (2023) 96 Cal.App.5th 108, 116.)

Here, Gitlin argues that the purpose of a DVRO is to prevent a recurrence of domestic violence, and that granting a DVRO should be limited to clearly abusive behaviors and should not be used to restrain any acts that simply upset the petitioning party.  Gitlin suggests that the trial court "must first determine whether a restraining order is necessary to prevent a recurrence of that past abuse, and if so, what scope of restraining order is necessary."  More specifically, Gitlin argues that the allegations in the petition did not constitute abuse, and even if the failure to use a condom and the nonconsensual sex did constitute abuse, there was no evidence that a restraining order was necessary to prevent a recurrence of such abuse.  Gitlin then explains why his actions in messaging their mutual friend, leaving notes on a Spotify playlist, and seeing a therapist were not grounds for issuance of a restraining order, including the fact that the trial court made no findings on these allegations.

Gitlin, however, misstates the requirements for issuance of a DVRO.[4] All that is necessary for the trial court to issue a DVRO is "reasonable proof of a past act or acts of abuse."  (§ 6300.)  Unlike civil harassment and workplace violence restraining orders, there is no requirement to show a

---

[4] Indeed, even Gitlin's citations and quotes stating that the purpose of the DVPA is to prevent recurrence of domestic violence are inaccurate. Section 6220 states that the purpose of the DVPA "is to prevent acts of domestic violence, abuse, and sexual abuse."  The language Gitlin quotes is from a prior version of the DVPA which is no longer effective or controlling. (Compare *Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 421.)

threat of future harm.  (*In re Marriage of M.P. & M.C.*, *supra*, 116 Cal.App.5th at p. 1110.)  Therefore, the trial court was not required to make a finding of whether a restraining order was necessary to prevent a recurrence of past abuse.

Here, the trial court found, by a preponderance of evidence, that Gitlin had nonconsensual sex with S.V.  We find there is sufficient evidence in the record to support the trial court's finding, including Gitlin's own admission, via his message to their mutual friend, of sexually assaulting S.V.  The court also credited S.V.'s testimony that she was asleep when Gitlin initiated the condomless sex, finding her more credible than Gitlin, which we must accept on appeal.  No more is needed to affirm the trial court's order.

Gitlin also argues that he did not engage in any conduct that disturbed the peace and quiet of S.V.  However, disturbing the peace of the other party is an alternative basis for making a finding of abuse.  (§ 6320, subd. (a).)  Here, the abuse found by the trial court was Gitlin's sexual assault of S.V., and no separate finding of disturbing the peace was necessary for the court to issue a DVRO.

## DISPOSITION

The order is affirmed.

_____
                 Sweet, J.*

WE CONCUR:


_____
Brown, P. J.


_____
Goldman, J.

---

* Judge of the Superior Court of California, County of Marin, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.